IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC JARECZEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 812 |
| | ) | |
| TERRY DONATI, TRACY | ) | Judge John Z. Lee |
| BURNIDGE, AMY DONATI, | ) | |
| MARJORIE CAPONE, and A.B., | ) | |
| a minor individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Eric Jareczek obtained a judgment in state court against Terry Donati ("Terry"), Tracy Burnidge, and non-Party Situs Business Brokers, Inc. ("SBB"), arising out of unpaid commissions he accrued while contracting with SBB as a business broker. Now he sues Terry and Burnidge, as well as Terry's wife Amy Donati ("Amy"), Burnidge's wife Marjorie Capone, and Burnidge's child A.B., alleging that Defendants have engaged in a conspiracy to avoid paying the judgment. Defendants have filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that principles of *res judicata* preclude Jareczek from proceeding with his claims. For the reasons below, Defendants' motion [9] is denied.

## Background[1]

Prior to 2012, Jareczek was an independent contractor for SBB, a provider of business brokerage services owned and operated by Terry and Burnidge. Compl. ¶¶ 23–24, ECF No. 1. As a contractor, Jareczek "procured sellers and purchasers of businesses from owners who were clients of [SBB] and . . . was entitled to earn a commission as a result of each successful transaction that he brokered." *Id.* ¶ 24. Jareczek was not paid the full amount of the commissions he was owed, so he filed a lawsuit and obtained a Settlement Agreement and Judgment Order whereby Terry, Burnidge, and SBB agreed to pay him $66,224.66 in regular installments. *Id.* ¶ 25.

Jareczek contends he never received the agreed-upon installment payments. *Id.* ¶ 26. Instead, he says, Terry and Burnidge enlisted their wives and Burnidge's child to engage in an elaborate scheme to hide assets from their creditors, including him. *Id.* ¶ 3. This scheme, which began in 2015, has involved: (1) transferring SBB's business to another entity (Turnkey Business Brokers, Inc.) and failing to declare that entity's business income, *see id.* ¶¶ 40–45, 67; (2) creating two new entities (311 Barrington Avenue, LLC, and ED River Street, Inc.) to purchase significant real-estate assets, listing only Amy and Capone as owners or members, *see id.* ¶¶ 46–57, 68–69; (3) using a non-existent shell entity (US3, LLC) to receive and deposit funds on behalf of Defendants' other entities, *see id.* ¶¶ 27, 44–45, 51(f), 64, 78; and (4) opening a custodial account in A.B.'s name, which Burnidge has "invaded" for

---

[1] The following facts are taken from Plaintiffs' complaint and are accepted as true for purposes of a motion to dismiss. *See Tobey v. Chibucos*, 890 F.3d 634, 641 (7th Cir. 2018).

"personal usage," *see id.* ¶¶ 58–61, 70. Accordingly, Jareczek asserts claims of racketeering and conspiracy in violation of the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; fraudulent transfers in violation of Illinois law, 740 Ill. Comp. Stat. 160/5(a); and civil conspiracy.

## Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## Analysis

Defendants argue that the principles of *res judicata* bar Plaintiff's claims, pointing to the judgment Jareczek obtained against Terry and Burnidge, as well as

3

alleged asset-citation proceedings he engaged in thereafter. Jareczek disputes these assertions, arguing that the judgment arose out of different factual circumstances than this case and that the citation proceedings cannot be considered preclusive.

*Res judicata*, or claim preclusion, is an affirmative defense that need not ordinarily be anticipated in the complaint. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). Still, if the plaintiff "plead[s] himself out of court" by disclosing facts affirmatively establishing the defense, *res judicata* may be a proper basis for dismissal. *Id.* Additionally, in ruling on a motion to dismiss, a court may take judicial notice of matters in the public record, including pleadings and orders in previous cases, without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Accordingly, the Court takes judicial notice of the complaint in *Jareczek v. Situs Commercial Realty, Inc. d/b/a Situs Business Brokers, Inc., et al.,* No. 11 LM 571 (Ill. Cir. Ct. filed Apr. 8, 2011), which is attached to Defendants' motion to dismiss, as well as the judgments entered in that case, attached to Jareczek's response brief.

Since an Illinois court rendered the judgments at issue in this case, this Court must apply Illinois preclusion law to determine whether *res judicata* bars Jareczek's claims. *See Chi. Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). Under those principles, subsequent litigation is barred where three elements are met: "(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) [a new case presenting] the same cause of

4

action, and (3) [involvement of] the same parties or their 'privies.'" *Id.* (citing *Hudson v. City of Chi.*, 889 N.E.2d 210, 215 (Ill. 2008)).

First, it is true that a final judgment on the merits was entered against all the defendants in the state case, including Terry and Burnidge. *See* Pl.'s Resp. Opp. Mot. Dismiss, Ex. A, Agreed Judgment Order in No. 11 LM 571, ECF No. 16-1. But that judgment, which was entered in July 2011, arose out of a breach-of-contract claim having to do with Jareczek's employment with SBB. *See* Def.'s Mot. Dismiss, Ex. A, Complaint in No. 11 LM 571, ECF No. 9-1. Here, Jareczek's claims did not even begin to accrue until *after* the entry of that judgment, when Defendants allegedly engaged in new conduct designed to shield their assets from Jareczek. Accordingly, this case does not meet the test used by Illinois courts to determine if the "same cause of action" is at issue, which asks whether the claims in the two cases arose from a "single group of operative facts." *Amari Co., Inc. v. Burgess*, 955 F. Supp. 2d 868, 881 (N.D. Ill. 2013) (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (1998)). Here, not only are different legal theories at issue, but a completely different time period and set of events are alleged as well. Additionally, new parties—Amy, Capone, and A.B.—are involved. Because Jareczek could not possibly have litigated his federal claims in the state suit, *res judicata* does not apply.

Second, Defendants contend that Jareczek engaged in asset-discovery proceedings in the state courts, where he raised arguments about fraudulent transfers and conspiracy similar to those he raises in this suit. According to

5

Defendants, these proceedings resulted in a dismissal in June 2018. For two reasons, however, that dismissal does not support their argument.

First, Defendants cite no authority in support of the proposition that a dismissal in post-judgment citation proceedings constitutes a "final judgment on the merits" for purposes of Illinois *res judicata* principles. Second, even putting aside the preclusive effect of citation proceedings, Defendants have not supported their allegations concerning those proceedings with *any* evidence. Instead, they submit only Jareczek's complaint in the state case and ask the Court to take it on faith that the citation proceedings even occurred, that they resulted in a final dismissal order, and that Jareczek either raised or could have raised there the claims he alleges in this case. These mere assertions are inadequate to meet the high bar for dismissal based on the affirmative defense of res judicata. *See Muhammad*, 547 F.3d at 878.

## Conclusion

For the reasons stated, the Court denies Defendants' motion to dismiss on *res judicata* grounds [9]. A status hearing is set for March 10, 2020 at 9:00 a.m.

**IT IS SO ORDERED.**     **ENTERED: 2/21/20**

_____
**John Z. Lee**
**United States District Judge**

6