IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MR. ERIC JARECZEK, | ) |
| Plaintiff, | ) |
| | ) Case No.: 19 cv 812 |
| vs. | ) |
| | ) |
| MR. TERRY DONATI, MR. TRACY BURNIDGE, | ) |
| MRS. AMY DONATI, MRS. MARJORIE | ) |
| CAPONE, and A.B., a minor individual, | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST AMENDED STATUS REPORT**

I. The Nature of the Case

The Plaintiff sent a draft proposed Joint Status Report to Defense counsel on May 31, 2020 and requested comments on same several times in the ensuing weeks. Defense counsel sent a redline on the afternoon June 15, 2020, one day before the deadline set by this Court and Plaintiff's counsel could not agree to some of the suggested changes made by the Defense counsel. Plaintiff's counsel sent comments to Defense counsel and the two spoke by phone on the afternoon of the 16th in an attempt to resolve the differences. Defense counsel sent a version to Plaintiff's counsel at approximately 1:00 p.m. and Plaintiff's counsel made some modifications which he sent back to Defense counsel at 1:30 p.m. Plaintiff's counsel followed up with two emails and waited until the evening when electing to advise Defense counsel that he was filing his own Status Report. **In filing this Report, Plaintiff's counsel has incorporated the vast majority of the suggestions made by Defense counsel.**

The case is a RICO action brought by the Plaintiff against the Defendants alleging a scheme by the Defendants to hide away and conceal funds belonging to two of the Defendants, Terry Donati and Tracy Burnidge, for the purposes of evading the Plaintiff as a judgment creditor of those two Defendants. The additional Defendants are alleged to be accomplices in the scheme. Defendants vehemently deny the allegations raised against them.

A. Identify the attorneys of record for each party, including the lead trial attorney.

Chris Cosentino is the attorney of record for the Plaintiff and is the lead trial attorney for the Plaintiff.

Charles McElvenny is the attorney of record for the Defendants.

Lou Karnezis will also be representing the Defendants with Mr. McElvenny.

B. State the basis for federal jurisdiction.

**2 | P a g e**

While the Complaint contains ancillary claims, it is at its heart one sounding in an alleged violation of RICO.

<u>C. Describe the nature of the claims asserted in the complaint and any counterclaims.</u>

The Plaintiff is a former employee of Terry Donati and Tracy Burnidge and he obtained a judgment against those men in the Kane County Circuit Court for their failure to pay earned wages and compensation. With accrued interest at 9% per annum, that judgment has increased to more than $100,000.00 and the Plaintiff made efforts to collect on it since the judgment was entered unsuccessfully.

During the course of the most recent "post-judgment" proceedings instituted by the Plaintiff in Kane County Circuit Court, he came to believe that the Defendants, Terry Donati and Tracy Burnidge, were engaged in continuing business operations which would have given them the wherewithal to satisfy his judgment.

However, the Plaintiff then came to believe that the remaining defendants (all associates and/or family members of the "judgment debtor" Defendants) were assisting them in hiding assets and income that would otherwise be available to satisfy the judgment debt.

Defendants again vehemently deny these allegations. Defendants maintain that Plaintiff has already deposed all of the Defendants, save for the Minor, and presented similar arguments in the Kane County Circuit Court "post-judgment" proceeding. Defendants further believe that the Plaintiff has issued numerous Citations to all Defendants, and has been unable to identify any specific allegations to substantiate his claims in spite of having already conducted the relevant discovery. Finally, the Defendant would argue that the Plaintiff has no damages other than the Judgment secured in the Kane County Circuit Court.

<u>D. A statement of the major legal and factual issues in the case to be submitted by each side in 200 words or less per side. A party need not agree to the opposing party's statement.</u>

The Plaintiff believes that the major legal and factual issues in the case revolve around whether or not he can show that the actions of the Defendants acting in concert with one another rise to the level of an "enterprise" between the Defendants which constitutes a RICO violation.

Defendants filed a 12(b)(6) motion to dismiss the Defendant's claim based on res judicata on March 29, 2019. The Court entered an Order denying that Motion on February 21, 2020. In the Court's Order of March 10, 2020, the Defendants were commanded to file an Answer to the Complaint at Law on or before March 31, 2020 with the Mandatory Initial Disclosures made by the parties to follow. In the ensuing days and weeks that followed the Court by General Order extended the deadlines set by this Court due to the COVID-19 pandemic. The new deadline in which the Defendants are required to file an Answer to the Complaint is June 16, 2020 and they intend to deny all material facts and elements of Plaintiff's allegations and move to dismiss.

The Plaintiff has objected to any attempt by the Defendants to dismiss the case insofar as they have already had their collective bite at the apple and filed a 12(b)(6) Motion to Dismiss (based on res judicata) which this Court denied before ordering the Defendants to file an Answer to the Complaint. The Plaintiff believes that any such motion filed by the Defendants will be a rehashing of the arguments already made before and decided by this Court.

It is Defendants' position that Plaintiff has filed a multi-count complaint sounding in multiple variations of conspiracy and racketeering against defendants and others that allegedly arises out of a scheme to defraud plaintiff from receiving payments from a previously entered judgment. However, as plaintiff's complaint makes clear, the issues presented have already been litigated by and between these parties and a final judgment has been entered in the Circuit Court of Kane County. If plaintiff had issues with the manner in which the judgment was being satisfied, whether it was the amount, the timing or some other issue, he had the opportunity to litigate those issues before the court in Kane County. In fact, plaintiff took advantage of that opportunity on at least two occasions. A final judgment terminating proceedings controls and plaintiff should not be permitted to take yet another bite at the apple before this Court.

Defendants further vehemently deny all allegations raised in the plaintiff's complaint. Defendants further deny that plaintiff has suffered any additional damages whatsoever.

E. <u>Describe the relief sought by the Plaintiff(s).</u>

The Plaintiff is seeking treble damages of the judgment amount rendered in the Kane County Circuit Court plus all allowable interest as of the date of judgment in this Court. In addition, the Plaintiff is seeking attorney fees and court costs associated with bringing this matter before the Court.

II. Pending Motions and Case Plan

A. <u>Identify the day/date of the Next Status Hearing</u>

The Court has not set a new status date.

B. <u>Identify all pending motions and the dates Answers were filed.</u>

Defendants have filed a Motion for Extension of Time to Answer or Otherwise Plead. The Plaintiff has filed an Objection to that Motion and asked that the Court order an Answer to be filed instanter, as June 16, 2020 is the deadline set by this Court.

C. <u>Provide a description of the parties' discussions of the mandatory initial discovery responses required by the Mandatory Initial Discovery Pilot Project.</u>

The parties have had no discussion regarding the MIDPP because the initial discovery disclosures are not yet due. The deadline for the Plaintiff to provide his initial disclosures, as indicated above, has been extended due the extension of the deadline by the Court's General

Order to file an Answer to the Complaint. Assuming the Defendants file an Answer on June 16, 2020, the Plaintiff's and Defendants' initial responses will be due on July 16, 2020.

### D. Submit a proposed discovery plan, including the following information:

#### 1. The general type of discovery needed;

Beyond written discovery which is expected to be "document heavy" the parties believe that party depositions will be required. The Plaintiff also anticipates needing to call several of the business associates with whom the Defendants conducted business and representatives from the various financial institutions at which they banked. Defendant intends to call Plaintiff and all relevant witnesses identified in discovery or otherwise.

#### 2. A date to issue written discovery;

The parties believe that written discovery should be issued within 30 days of the initial disclosures-on or before August 15, 2020 (which falls on a Saturday). However, in light of the pending Motion to Extend and the stated intention of the Defendants to file another Motion to Dismiss the Complaint, this date would be called into question.

#### 3. A date for the deadline for the amendment of pleadings (90 days after Rule 26(a) disclosures are exchanged).

The parties believe that a reasonable deadline would be October 14, 2020, which is ninety days from the date on which the initial disclosures are due. However, in light of the pending Motion to Extend and the stated intention of the Defendants to file another Motion to Dismiss the Complaint, this date would be called into question.

#### 4. A fact discovery completion date;

The parties believe that fact discovery can be completed by January 12, 2021. However, in light of the pending Motion to Extend and the stated intention of the Defendants to file another Motion to Dismiss the Complaint, this date would be called into question.

#### 5. An expert discovery completion date, including dates for the delivery of expert reports; and

The parties believe that expert discovery can be completed by April 11, 2021. However, in light of the pending Motion to Extend and the stated intention of the Defendants to file another Motion to Dismiss the Complaint, this date would be called into question.

#### 6. A date for the filing of dispositive motions.

The parties believe that dispositive motions can be filed by June 11, 2021. However, in light of the pending Motion to Extend and the stated intention of the Defendants to file another Motion to Dismiss the Complaint, this date would be called into question.

E. With respect to trial, indicate the following:

1. Whether a jury trial is requested and by whom; and

The Plaintiff has demanded a jury trial.

2. The probable length of trial

This may be premature but the parties believe that this case would take approximately one week to complete.

III. Consent to Proceed Before a Magistrate Judge

Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

Plaintiff is not averse. Defendants do not agree to proceed before a magistrate.

IV. Status of Settlement Discussions

A. Indicate whether any settlement discussions have occurred;

No formal settlement discussions have transpired.

B. Describe the status of any settlement discussions; and

None.

C. Whether the parties request a settlement conference.

Plaintiff is not averse. Defendants are not averse to settlement negotiations, however, are of the position that it is premature to assess the parties' positions without having yet completed any discovery.

In light of the pending Motion to Extend and the stated intention of the Defendants to file another Motion to Dismiss the Complaint, these matters may need to be argued before this Court.

/s/Chris Cosentino
Plaintiff's Attorney

PREPARED BY:
Chris Cosentino
ARDC# 6272089
801 E. Main Street
St. Charles, IL 60174
630-377-9730